IN THE FEDERAL DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RAY HARRIS,           } | |
|     Plaintiff,       } | Civil Action No. |
|                      } | |
| vs.                   } | |
|                      } | |
| QUEST DIAGNOSTICS CLINICAL } | |
| LABORATORIES, INC.,   } | JURY DEMAND |
|     Defendant.       } | |

## COMPLAINT

COMES NOW, RAY HARRIS, (hereafter "Plaintiff" or "Employee"), in the above-styled case, and files this Complaint against QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC. (hereafter "QUEST'" or "Employer"), and shows this Honorable Court the following:

**Parties**

1.

Plaintiff is a resident of Gwinnett County, Georgia.

2.

Employer, QUEST, has presently and has at all relevant times herein had its principal office at 500 Plaza Drive, Secaucus, NJ, 07094.

1

3.

QUEST'S Chief Executive Officer is Catherine T. Doherty, who may be found doing business at QUEST'S headquarters located at 500 Plaza Drive, Secaucus, NJ, 07094.

4.

Employer, QUEST, is a medical testing concern employing over 500 people, and organized as a Delaware Profit Corporation.

5.

Employer, QUEST, may be served through its Chief Executive Officer at the headquarters stated above.

6.

Employer, QUEST, may be served through its Registered Agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092 (Gwinnett County).

7.

William Alexander (hereafter "Alexander" or "Supervisor") worked as Plaintiff's direct supervisor at QUEST.

8.

Chris Bradley (hereafter "Bradley") was Mr. Alexander's boss.

9.

Cedrick Nelson, mid to late 50's, (hereafter "Nelson" or "Lead") worked as Plaintiff's group lead, who measured Plaintiff's schedule and route.

**Jurisdiction**

10.

This court has jurisdiction under 28 U.S.C. § 1331.

11.

Jurisdiction and venue are proper in this court.

12.

Employer at all relevant times was engaged in interstate commerce.

13.

Employer had at all relevant times at least two employees engaged in interstate commerce activities.

14.

Plaintiff RAY HARRIS, sixty-two (62) years of age as of his termination from employment, and a member of a protected class, was last

employed as a Route Service Representative (RSR) for Employer before his termination.

15.

He was employed by Employer for a total time period of almost thirteen (13) years.

16.

Discriminatory treatment of Plaintiff by Employer, its managers, officers, agents, and employees was in the terms and conditions of employment, including but not limited to disparate treatment, hostile work environment, retaliation, and disparate impact.

**Count I: Age Discrimination Under ADEA**

**Disparate Treatment**

17.

This action is brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34 and 29 C.F.R. §§ 1625-1627, as amended, for age discrimination.

18.

During Plaintiff's employment with Employer, he encountered discriminatory treatment vis-à-vis similarly situated employees who were younger than 40 and over 40 but younger than Plaintiff.

19.

Said treatment was by his lead and supervisors and motivated based on Plaintiff's age.  As such, Plaintiff experienced a disparate treatment leading up to and ultimately including termination.

20.

Said treatment was in the terms and conditions of Plaintiff's employment and caused him damages.

21.

Employer's purported reason for separation was failure to follow rules or orders.

22.

There was no legitimate non-discriminatory reason for the actions taken by Employer in its termination of Plaintiff.

23.

Employer's explanation is pre-textual.

## Count II: Age Discrimination Under ADEA

## Hostile Work Environment

24.

This action is brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34 and 29 C.F.R. §§ 1625-1627, as amended, for age discrimination.

25.

During Plaintiff's employment with Employer, he encountered a hostile work environment because of his age.

26.

Said treatment was by his lead and supervisors and motivated based on Plaintiff's age. As such, Plaintiff experienced a hostile work environment up to the time of his termination.

27.

Discriminatory actions include but are not limited to hostile and discriminatory episodes and actions by lead and supervisors, unequal treatment of Plaintiff during his employment, and ultimately termination on August 3, 2020.

28.

Employer's purported reason for separation was failure to follow rules or orders.

29.

There was no legitimate non-discriminatory reason for the actions taken by Employer in its termination of Plaintiff.

30.

Employer's explanation is pre-textual.

31.

Employer's termination of Plaintiff was part of a continuing pattern of harassment.

**Count III: Age Discrimination Under ADEA**

**Retaliation**

32.

This action is brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34 and 29 C.F.R. §§ 1625-1627, as amended, for age discrimination.

33.

During Plaintiff's employment with Employer, he complained of the discriminatory treatment he was subjected to and was terminated for it.

34.

Said treatment was by his lead and supervisors and motivated based on Plaintiff's age. As such, Plaintiff was retaliated against for complaints based on a hostile work environment up to the time of his termination and disparate treatment including termination.

35.

Discriminatory actions complained of include but are not limited to hostile and discriminatory episodes and actions by lead and supervisors, unequal treatment of Plaintiff during his employment, and ultimately termination on August 3, 2020.

36.

Employer's purported reason for separation was failure to follow rules or orders.

37.

There was no legitimate non-discriminatory reason for the actions taken by Employer in its termination of Plaintiff.

38.

Employer's explanation is pre-textual.

39.

Employer's termination of Plaintiff was retaliatory.

## Count IV: Age Discrimination Under ADEA

## Disparate Impact

40.

This action is brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34 and 29 C.F.R. §§ 1625-1627, as amended, for age discrimination.

41.

During Plaintiff's employment with Employer, he was disparately impacted based on his age.

42.

Said treatment was based on facially neutral policies that disparately impacted older protected individuals to wit and including Plaintiff.

43.

Employer's purported reason for separation was failure to follow rules or orders.

44.

Those rules and orders disparately impacted older protected individuals to wit and including Plaintiff.

**Common Facts**

45.

The conduct of Defendant and its officers, managers, agents, and employees amounted to discrimination in the terms, conditions, and privileges of Plaintiff RAY HARRIS's employment, in violation of the ADEA, as described above.

46.

Plaintiff has incurred loss of income because of Defendant's actions and inactions, and he has suffered frustration and emotional distress because of the actions and inactions described herein.

47.

Defendant has acted with malice and reckless indifference to the federally protected rights of Plaintiff because of his age, and in retaliation for protected complaints and otherwise.

48.

Plaintiff has filed a charge with the Equal Employment Opportunity Commission regarding Defendant, and it is attached to his complaint as Exhibit A and fully incorporated herein by reference.

49.

Plaintiff received a Notice of Right-to-Sue letter from the Equal Employment Opportunity Commission mailed September 28, 2021, which is attached hereto, as Exhibit B.

50.

Plaintiff seeks damages for lost income and lost benefits ("back pay"), in an amount to be proven at trial and damages for emotional pain, suffering, mental anguish, and inconvenience, also in an amount to be proven at trial.

51.

Plaintiff also seeks compensation for his costs, expenses, and attorney's fees, and liquidated damages.

52.

Finally, Plaintiff seeks an injunction ordering Defendant and its officers, managers, agents, and employees to stop treating employees discriminatorily and taking adverse actions against employees in a discriminatory manner such as complained of by Plaintiff.

WHEREFORE, Plaintiff RAY HARRIS demands judgment against Defendant for appropriate damages, costs, and attorney's fees, through a trial before a jury, and also seeks injunctive relief, all as follows.  He prays that the Court:

A) Enjoin Defendant and its officers, managers, agents, and employees from engaging in the above described conduct;

B) Award Plaintiff damages for lost wages, including the value of all employment benefits Plaintiff would have received but for acts and practices of Defendant, in an amount to be proven at trial, pre-judgment interest, and damages for emotional pain, suffering, mental anguish, frustration, and inconvenience;

C) Award Plaintiff front pay;

D) Award Plaintiff reasonable attorney's fees, expenses, and costs incurred in this action;

E) Award Plaintiff liquidated damages; and

F) Order any other relief the Court deems to be equitable, just, or appropriate.

This 27th day of December, 2021.

<u>/s/ Drew Mosley</u>
Drew Mosley
Ga. Bar No. 526406
Attorney for Plaintiff
RAY HARRIS

Drew Mosley LLC
279 W. Crogan St.
Lawrenceville, GA 30046
Telephone (678) 225-0098
Fax (678) 221-0230
drew@mlawmail.com

## **LOCAL RULE CERTIFICATION**

Undersigned counsel attests that this document was prepared in Times New Roman, 14-point font that complies with this Court's Rules.

Respectfully submitted this 27th day of December, 2021.

Counsel for Plaintiff
*/S/ Drew Mosley*
Drew Mosley, Esq.
GA Bar No. 526406
Drew Mosley, LLC
279 W. Crogan St.
Lawrenceville, Georgia 30046
678-225-0098
678-221-0230 fax
drew@mlawmail.com